UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EMPIRE INN, LLC                                    CIVIL ACTION

VERSUS                                             NO: 06-4939

STATE FARM FIRE AND CASUALTY                       SECTION: "A" (5)
COMPANY

<u>**ORDER AND REASONS**</u>

Before the Court is a **Motion to Dismiss in Accordance with Federal Rules of Civil Procedure 12(b)(6) for Plaintiff's Failure to State a Claim for Emotional Distress Damages, Fifty Percent (50%) Penalty or Attorneys Fees (Rec. Doc. 35)** filed by defendant State Farm Fire and Casualty Company.  Plaintiff, Empire Inn, LLC, opposes the motion.  The motion, set for hearing on August 22, 2007, is before the Court on the briefs without oral argument.  After reviewing the memoranda of counsel and applicable law, the Court concludes Defendant's motion should be **GRANTED** for the reasons that follow.

I.    <u>**BACKGROUND**</u>

Plaintiff owned and operated a motel near Empire, Louisiana which was destroyed as a result of Hurricane Katrina. Defendant issued policy number 98-CW-3654-5 to Plaintiff, providing coverage for property damage and loss of income for the period of March 2, 2005, to March 2, 2006.  The policy delineated the various coverages: Coverage "A" for the five

buildings encompassing the motel for up to $829,400; business personal property for Coverage "B" up to $156,700; loss of income coverage up to the "actual loss," and "extensions" of coverage for debris removal, accounts receivable, exterior signs, extra expenses, etc.  (Pla. Compl. ¶ 6.)

According to Plaintiff, the eye of the hurricane passed over the Empire Inn, completely destroying all five of its buildings, as well as most of the building structures nearby. (*Id.* at ¶ 7-10.)  Defendant's adjuster concluded that none of the damage to Plaintiff's property was caused by Hurricane Katrina's wind or wind-driven rains, which Plaintiff argues is contradicted by physical evidence and the conclusions of adjusters on neighboring properties.  (*Id.* at ¶ 15-16.) Defendant refused to reconsider the cause of the loss.  (*Id.* at ¶ 17.)  On December 1, 2005 Defendant issued a single check for two weeks worth of business income losses, covering the two weeks during which access to the premises was prohibited.  *(Id.* at ¶ 19.)  Plaintiff further alleges that Defendant ignored an additional claim resulting from Hurricane Rita, as well as the Insurance Commissioner's Emergency Rule 23, which mandated that Plaintiff's business coverage remain in effect during this second event.  (*Id.* at ¶ 21.)  Plaintiff maintains that it complied with the duties and responsibilities contained in the policies issued by State Farm.  (*Id.* at ¶ 24.)

Plaintiff filed suit in the instant matter on August 28, 2006.  Plaintiff claims Defendant breached its insurance policy "by failing to pay any insurance proceeds resulting from the property damage, business personal property, prohibited use, business income losses, or any of the extended coverages for debris removal, exterior signs, accounts receivable, extra expenses,

etc., resulting from Hurricanes Katrina and Rita." (*Id.* at ¶ 25.)  Moreover, Plaintiff asserts that

Defendant is liable for the full value of the immovable property under the policy pursuant to

Louisiana's Valued Policy Clause, La. R.S. 22:695, reasoning that plaintiff's property was a total

loss by a covered peril.  Additionally, Plaintiff believes Defendant is liable under La. R.S.

22:658 and/or La. R.S. 22:1220 for failing to investigate properly Plaintiff's claims or promptly

initiate a loss adjustment after receiving notice of the loss.  Defendant avers that Plaintiff did not

suffer a total loss caused by a covered peril, but rather that the loss was caused by an excluded

peril.  (Def. Ans. p. 2.)

  State Farm moves to dismiss Plaintiff's claims in accordance with Federal Rule of Civil

Procedure 12(b)(6) for Plaintiff's failure to state a claim for emotional distress damages, fifty

percent penalty, or attorney's fees.

  In opposition, Plaintiff asserts that it did not seek mental and emotional distress damages

in its Complaint, nor will it seek such damages at trial.  (Pla. Opp. p. 2.)  Moreover, Plaintiff

argues that the 2006 amendments to section 658 should retroactively apply to its claims,

enabling Plaintiff to collect increased penalties and attorney's fees.  (*Id.*)  Alternatively, Plaintiff

alleges that the current version of the statute is applicable, as State Farm continued to violate its

statutory duty imposed by section 658 after the effective date of the amendment to the statute.

(*Id.* at p. 4.)

## II. <u>DISCUSSION</u>

  Defendant seeks dismissal on three grounds.  First, Defendant seeks a judgment

dismissing any and all mental and emotional distress damages sought by Plaintiff, arguing that

such damages are not available to business entities and are not available in insurance contract actions.  In addition, Defendant requests a judgment dismissing all allegations of fifty percent penalties pursuant to Louisiana Revised Statute section 658, for the fifty percent penalty provision contained in the amended version of the statute did not take effect until August 15, 2006 and consequently is not applicable in this case.  Finally, Defendant desires dismissal of any and all assertions and prayer for attorney's fees because the applicable versions LA-R.S. 22:658 and 22:1220 do not provide for attorney's fees.

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Company v. City of Tehauacana*, 238 F.3d 382, 387 (5th Cir. 2001).  However, "conclusory allegations" and "unwarranted deductions of fact" are not sufficient to prevent dismissal. *United States ex. rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).

***Plaintiff Cannot Recover Damages for Mental and Emotional Distress***

4

Recently, this Court held that damages for mental distress are recoverable in conjunction with a violation of La. R.S. 22:1220. *Engolia v. Hartford Insurance Co., et al.*, 06-cv-8102 (E.D. La. June 6, 2007). Defendant argues that these damages are not available to business entities as a general proposition and that non-pecuniary damages are not recoverable in insurance breach of contract claims except under circumstances not presented in this case. (Def. Mem. in Supp. p. 2-3.) However, Plaintiff did not seek mental and emotional distress damages in its Complaint. (Pla. Opp. p. 1.) Therefore, Defendant's Motion to Dismiss any and all mental and/or emotional distress damages of Plaintiff is **GRANTED**.

### *The Amended Version of La. R.S. 22:658 is Inapplicable to Plaintiff's Claims*

The current version of Louisiana Revised Statute 22:658, which is the version Plaintiff seeks to apply, provides in relevant part:

> Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment or tender within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, ***shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater***, payable to the insured, or to any of said employees, or in the event a partial payment has been made, ***fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs***. Such penalties, if awarded, shall not be sued by the insurer in computing either past or prospective loss experience or the purpose of setting rates or making rate filings.

La. Rev. Stat. Ann. § 22:658 (B) (1) (Supp. 2007) (emphasis added). The Louisiana Legislature

enacted this version of the statute at the 2006 Regular Session, and it became effective on August 15, 2006.  2006 La. Acts 813, § 1.

The version of section 658 that was in effect during the claims adjustment process for Plaintiff's losses and up to the week before Plaintiff instituted this litigation provided only a twenty-five percent penalty and did not allow for an award for attorney's fees.  La. Rev. Stat. Ann. § 22:658 (2006).  When the Legislature amended the statute to its current insured-friendly version, it made no provision for the statute to apply retroactively to conduct by an insurer that had occurred prior to its enactment.

Louisiana Civil Code article 6, entitled Retroactivity of Laws, provides that "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only."  La. Civ. Code Ann. art. 6 (1999).  Substantive laws are those that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones.  *Jacobs v. City of Bunkie*, 737 So.2d 14, 20 (La. 1999).

This Court recently explored the issue of the retroactive application of section 658 and ultimately concluded that the amended version of section 658 is "clearly substantive in nature"; therefore, according to article 6, the statute does not apply retroactively.  *Espesito v. Allstate Insurance Company*, 06-cv-1837, Rec. Doc. 82, (E.D. La. April 16, 2007).  The Court is not persuaded by Plaintiff's arguments for deviating from this precedent.

Alternatively, Plaintiff tries to evade precedent by arguing that State Farms' alleged violations of section 658 are ongoing, thereby rendering the current version of the statute applicable to Plaintiff's claims.  Plaintiff's arguments are unconvincing.  Plaintiff cannot avail

6

itself of the current version of section 658.  As explained in *Esposito*, "[t]he version applicable to [Plaintiff's] claim is the one in effect when the allegedly 'arbitrary, capricious, or without probable cause' conduct occurred"; that is, the failure to make payment within thirty days after receipt of satisfactory proof of loss of that claim.  *Id.*  Here, Plaintiff's alleged loss, State Farm's determination as to the cause of that loss, and State Farm's claims investigation all occurred before August 15, 2006.  Thus, the version applicable to Plaintiff's claims is the version in effect before the latest amendment to section 658.

### *Plaintiff Cannot Recover Attorney's Fees*

Plaintiff's sole argument supporting its entitlement to attorney's fees lies in the repeated assertion that the current version of section 22:658 applies to State Farm's Katrina-related claims adjustment.  (Pla. Opp. p. 7).  As discussed above, Plaintiff cannot avail itself of the amended version of section 658; therefore, Plaintiff cannot recover attorney fees.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss in Accordance with Federal Rules of Civil Procedure 12(b)(6) for Plaintiff's Failure to State a Claim for Emotional Distress Damages, Fifty Percent (50%) Penalty or Attorneys fees (Rec. Doc. 35)** filed by defendant State Farm Fire and Casualty Company should be and is **GRANTED.**

September 18, 2007

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE